Bedsole v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-101-CR

     GARY TRAVIS BEDSOLE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court # 9152561
                                                                                                    

O P I N I O N
                                                                                                    

      Gary Bedsole appeals his conviction for evading arrest. The trial court found him guilty and
assessed punishment at thirty days in jail. Bedsole contends on appeal that the evidence is
insufficient to prove that he knew the police officer was attempting to detain him. Finding the
evidence sufficient to support Bedsole's conviction, we affirm.
      In reviewing the legal sufficiency of the evidence, we must determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.


 Section 38.04 of the Texas Penal
Code provides, "A person commits an offense if he intentionally flees from a person he knows is
a peace officer attempting to arrest him or detain him for the purpose of questioning or
investigating possible criminal activity."


 Bedsole only contests the sufficiency of the evidence
regarding the knowledge-of-an-attempt-to-detain element of the offense. He does not contend that
there is insufficient evidence to prove that he knew the person who was attempting to detain him
was a police officer. Therefore, the only question on appeal is whether, viewing the evidence in
the light most favorable to the verdict, any rational trier of fact could have found beyond a
reasonable doubt that Bedsole knew the pursuing officer was attempting to detain him.
      Richard Justice, a police officer assigned to the Houston Police Department's helicopter
division, testified that he was piloting a blue and white police helicopter on the morning of
December 24, 1991, when he was dispatched to assist in finding an assault suspect. Officer
Justice observed the suspect running away from the ground units. The suspect ran between a
number of condominium buildings and jumped two fences, falling once. While fleeing Justice the
suspect continually looked up at the helicopter and took evasive action in an effort to hide. After
running through a maze of apartment buildings, the suspect was apprehended by an officer on the
ground, and Justice left the scene.
      James Begeal, a police officer assigned to the Houston Police Department's patrol division,
testified that he was dispatched to an assault at an apartment on Westpark. Begeal spoke with the
complainant, who was very distraught and had a red mark on her neck and face. Begeal obtained
a description of the suspect and learned that he had been gone for only a short time. Begeal
suspected that when he arrived at the front door the suspect exited through the back door. Begeal
broadcast the suspect's description over the police radio and began to search for him on nearby
streets. 
      Begeal testified that he soon saw the suspect walking south along Woodchase. Begeal, who
was in a police uniform and a marked patrol car must have squeaked his brakes because the
suspect turned around and looked right at him. The suspect then started running to the east. 
Begeal pursued the suspect into a townhome complex before proceeding on foot. After speaking
with a security guard, Begeal learned that the suspect had run back across Woodchase. Begeal
advised the other units that the suspect was moving west and followed him into a condominium
complex. Eventually Begeal saw the suspect jumping over a fence, went over the fence after him,
ordered him to lie down, and arrested him. Begeal then took the suspect back to the original scene
where the complainant identified him as the person who had assaulted her. Begeal identified the
suspect as Gary Bedsole.
      Bedsole testified that, after having some "cross words" with his girlfriend, he left her
apartment through the front door. According to Bedsole, his truck would not start and he began
walking toward his brother's apartment, taking a shortcut. Although Bedsole testified that he
never saw a patrol car, according to his own testimony, his actions attracted the attention of one
observer who asked if he was breaking the law and another who asked if he was "a thief or
something."
      With respect to Bedsole's contention that the evidence was insufficient to show that he knew
Officer Begeal was attempting to detain him, we note that there is no direct evidence that Bedsole
had such knowledge. Direct and circumstantial evidence, however, are subject to the same
standard of review.


 Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could find beyond a reasonable doubt that Bedsole knew Officer Begeal
was attempting to detain him for the purpose of questioning or investigating possible criminal
activity.


 As a result, we hold that there was sufficient evidence to support the conviction and
overrule Bedsole's single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 16, 1992
Do not publish